George M. Kraw (Cal. Bar No. 71551)
Donna L. Kirchner (Cal. Bar No. 138320)
Katherine McDonough (Cal Bar No. 241426)
Kraw and Kraw
605 Ellis Street, Suite 200
Mountain View, CA 94043
Telephone: (650) 314-7800
Facsimile: (650) 314-7899
gkraw@kraw.com
dkirchner@kraw.com
kmcdonough@kraw.com

Counsel for Defendants

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| IRIGARAY DAIRY, et al., <br>    Plaintiffs <br><br>   v. <br><br> DAIRY EMPLOYEES UNION LOCAL NO. 17 CHRISTIAN LABOR ASSOCIATION OF THE UNITED STATES OF AMERICA PENSION TRUST, et al., <br>    Defendants. | Case No.: 1:13-CV001112-AWI-MJS <br><br> **STIPULATION AND ORDER** <br>  **RE PROTECTIVE ORDER** |

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information of dairies that are not parties to this litigation. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.

2. DEFINITIONS

2.1 "CONFIDENTIAL" Information: financial and other non-public information

Case No.: 1:13-CV-01112-MJS Stip and Order re Protective Order             *Page 1*

which relates to any person or entity that is not a party to this action and which qualifies for protection under Federal Rule of Civil Procedure 26(c); and social security numbers and tax identification numbers of individuals, partnerships, limited partnerships, limited liability companies and corporations, whether parties herein or not.

  2.2 Counsel:  Counsel of Record and their support staff.

  3. SCOPE

  The protections conferred by this Stipulated Protective Order cover not only CONFIDENTIAL Information (as defined above), but also (1) any information copied or extracted from CONFIDENTIAL Information; (2) all copies, excerpts, summaries, or compilations of CONFIDENTIAL Information; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal CONFIDENTIAL Information.  Any use of CONFIDENTIAL Information at trial shall be governed by a separate agreement or order.

  4. DURATION

  Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a designating party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

  5. DESIGNATING CONFIDENTIAL INFORMATION

  5.1 All financial information related to persons or entities who are not parties to this action nor employees, members, shareholders or partners with parties to this action shall be automatically deemed to be CONFIDENTIAL Information and protected as required herein.  In addition, all social security numbers and tax identification numbers of individuals, partnerships, limited partnerships, limited liability companies and corporations shall be automatically deemed

to be CONFIDENTIAL Information and protected as required herein. In the event any party believes that any other information it has produced in discovery should be treated as CONFIDENTIAL Information, that party shall promptly notify the other parties that it is designating such information "CONFIDENTIAL Information" and shall describe the designated information with reasonable specificity so that the other parties will know exactly what information is subject to the protections of this Stipulated Protective Order.

  5.2 Exercise of Restraint and Care in Designating Material for Protection. Each party that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order. If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, that designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

  6. ACCESS TO AND USE OF CONFIDENTIAL INFORMATION

  6.1 Basic Principles. A party may use CONFIDENTIAL Information that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such CONFIDENTIAL Information may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the litigation has been terminated, a receiving party must comply with the provisions of section 10 below (FINAL DISPOSITION).

  CONFIDENTIAL Information must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

6.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the receiving party's counsel of record in this action, as well as employees of said counsel of record to whom it is reasonably necessary to disclose the information for this litigation and who have agreed to keep the information confidential.

(b)  the officers, directors, members and/or employees of the receiving party to whom disclosure is reasonably necessary for this litigation and who have agreed to keep the information confidential.

(c)  Experts (as defined in this Stipulated Protective Order) of the receiving party to whom disclosure is reasonably necessary for this litigation or the related arbitration between these same parties and who have agreed to keep the information confidential.

(d)  the court and its personnel;

(e)  court reporters and their staff, professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have agreed to keep the information confidential.

(f)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have agreed to keep the information confidential, unless otherwise agreed by the designating party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal CONFIDENTIAL Information must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7. CONFIDENTIAL INFORMATION SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," other than its own information, that party must:

(a) promptly notify in writing the designating party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose CONFIDENTIAL Information may be affected.

If the designating party timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the party has obtained the designating party's permission. The designating party shall bear the burden and expense of seeking protection in that court of its confidential material - and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

8. UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL INFORMATION

If a receiving party learns that, by inadvertence or otherwise, it has disclosed CONFIDENTIAL Information to any person or in any circumstance not authorized under this Stipulated Protective Order, the receiving party must immediately (a) notify in writing the

Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the CONFIDENTIAL Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons to agree to keep the information confidential.

9. MISCELLANEOUS

9.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

9.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

9.3 Filing CONFIDENTIAL Information.  Without written permission from the designating party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any CONFIDENTIAL Information.  A party that seeks to file under seal any CONFIDENTIAL  CONFIDENTIAL Information may only be filed under seal pursuant to a court order authorizing the sealing of the specific CONFIDENTIAL Information at issue.

10. FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each receiving party must return all CONFIDENTIAL Information to the producing party or destroy such material.  As used in this subdivision, "all CONFIDENTIAL Information" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any

of the CONFIDENTIAL Information.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain CONFIDENTIAL Information. Any such archival copies that contain or constitute CONFIDENTIAL Information remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  September   21  , 2015          KRAW & KRAW LAW GROUP

  /s/ Donna Kirchner
Donna L. Kirchner, Esq.
Attorneys for Defendants

Dated:  September   21  , 2015          SAGASER, WATKINS & WIELAND PC

  /s/ Ian Wieland (as approved 9/21/15)
Ian B. Wieland, Esq.
Attorneys for Plaintiffs

### ORDER

Good case appearing, the above Stipulation is accepted and adopted as the Order of this Court.
IT IS SO ORDERED.

Dated:   September 22, 2015          /s/ Michael J. Seng
                                      UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28