UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRIGARAY DAIRY, CHARLES VAN DER KOOI DAIRY, HENRY JONGSMA & SON DAIRY , and COW-WEST NORTH STAR DAIRY,<br><br>Plaintiffs,<br><br>v.<br><br>DAIRY EMPLOYEES UNION LOCAL NO. 17 CHRISTIAN LABOR ASSOCIATION OF THE UNIDED STATE OF AMERICA PENSION TRUST, and BOARD OF TRUSTEES OF THE DAIRY EMPLOYEES UNION LOCAL NO. 17 CHRISTIAN LABOR ASSOCIATION OF THE UNITED STATES OF AMERICA PENSION TRUST,<br><br>Defendants. | Case No.  1:13-cv-01112-MJS<br><br>**ORDER DENYING,  WITHOUT PREJUDICE, REQUEST FOR APPROVAL OF SUPERSEDAS BOND**<br><br>**(ECF Nos. 136)** |

On July 20, 2016, Plaintiffs filed a request for approval of a signed supersedeas bond. (ECF No. 136.) The request is denied without prejudice to the filing of a bond in an amount equal to 125 percent of the judgment.

Under Federal Rule of Civil Procedure 62(d), "an appellant may obtain a stay as a matter of right by posting a supersedeas bond acceptable to the court." In re Combined Metals Reduction Co., 557 F.2d 179, 193 (9th Cir. 1977); see also American

Mfrs. Mut. Ins. Co. v. American Broadcasting-Paramount Theatres, Inc., 87 S. Ct. 1, 3 (1966) ([I]t seems to be accepted that a party taking an appeal from the District Court is entitled to a stay of a money judgment as a matter of right if he posts a bond in accordance with Fed. R. Civ. P. 62(d)"). However, district courts have inherent discretionary authority in setting the nature and amount of the requisite security. See Rachel v. Banana Republic, Inc., 831 F.2d 1503, 1505 n.1 (9th Cir. 1987).

Plaintiffs are entitled to a stay of the judgment upon the filing of a proper supersedeas bond. However, the amount of the bond filed with the Court is inadequate.

Local Rule 151(d) requires that a supersedeas bond be in an amount equal to 125 percent of the judgment unless the Court otherwise orders. Plaintiffs have presented a bond in the exact amount of the judgment, $111,701.68. In order to provide Defendants adequate security to cover additional amounts associated with the judgment (for example, interest accrued after judgment), the Court requires Plaintiffs to provide a bond in an amount of 125 percent of the judgment – $139,627.10.

Absent valid objection by Defendants, the Court anticipates approval of the request and stay of the judgment once the enlarged bond is filed.

**ORDER**

It is hereby ORDERED that Plaintiff's request for approval of the filing of a supersedeas bond is DENEID without prejudice.

IT IS SO ORDERED.

Dated:   July 22, 2016                    /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE